```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


STACY LEBEOUF                                CIVIL ACTION

VERSUS                                       NO: 12-2583

BAIN MANNING                                 SECTION: R(2)
```

### ORDER AND REASONS

Defendant, Bain Manning, moves to dismiss Stacy Lebeouf's second amended complaint.[1] For the following reasons, Manning's motion is GRANTED.

### I. Background

For 25 years, Lebeouf worked as a nurse at the Leonard J. Chabert Medical Center ("the Hospital").[2] Sometime before October 25, 2012, Manning, the Hospital's Human Resource Director, apparently came to suspect that Lebeouf was on drugs. On October 25, 2012, Manning informed Lebeouf that she was suspended for thirty days with pay and that she must immediately submit to a drug screening and a three-day inpatient psychiatric evaluation.[3] Manning told Lebeouf that security guards would soon escort her

---

[1] R. Doc. 29.

[2] R. Doc. 1 at 2. The Hospital is a LSU Health Science Center affiliate. *Id.*

[3] *Id.*

to a clinic for the drug screening,[4] and that she could be involuntarily committed.[5] Lebeouf was willing to submit to a drug screening, but not to an inpatient psychiatric evaluation.[6] Manning then gave Lebeouf three options: participate in the suspension, drug screening and psychiatric hospitalization; resign; or the hospital would fire her.[7] Faced with these choices, Lebeouf immediately resigned.[8]

Lebeouf brought suit against Manning in his individual and official capacities under 42 U.S.C. § 1983.[9] She alleges that she had a property interest in her employment at the Hospital, and that she was deprived of that property interest without due process of law.[10] Lebeouf seeks a declaration that Manning violated her right to due process of law, and injunctive relief ordering Manning to reinstate Lebeouf to her position.[11]

---

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* at 1.

[10] *Id.* at 4.

[11] *Id.* at 5.

Alternatively, she seeks damages for lost salary, lost benefits, compensatory damages and punitive damages under Louisiana law.[12]

Manning moved to dismiss Lebeouf's first amended complaint.[13] The Court granted Manning's motion on the ground that Lebeouf failed to allege that Manning acted with the requisite purpose of avoiding pretermination procedures.[14] *See Fowler v. Carrollton Pub. Library*, 799 F.2d 976, 981 (5th Cir. 1986). With the Court's leave, Lebeouf amended her complaint.[15] Manning now moves to dismiss Lebeouf's second amended complaint.[16]

## II.  Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks removed). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the

---

[12] *Id.*

[13] R. Doc. 13.

[14] R. Doc. 25 at 7.

[15] *Id.* at 11-12; R. Doc. 29.

[16] R. Doc. 31.

misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. Discussion**

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights;" rather it merely provides "a method of vindicating federal rights conferred elsewhere." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

As in his first motion to dismiss, Manning maintains that Lebeouf does not allege a constitutional violation cognizable under § 1983 or, in the alternative, that he is entitled to qualified immunity.[17] The Court finds that Lebeouf's second amended complaint, like her first amended complaint, fails on the former ground. She has not adequately cured the defect the Court noted in its prior order. Although she now alleges that Manning acted with the purpose of avoiding pretermination procedures, she fails to allege a plausible factual basis for that assertion.[18]

A.  *Lebeouf fails to allege a constitutional violation.*

To state a § 1983 claim based on deprivation of procedural due process, Lebeouf must allege: "(1) that she has a property

---

[17] *Id.* at 1.

[18] R. Doc. 29.

interest in her employment sufficient to entitle her to due process protection, and (2) she was deprived of her right to such process." *Rhyce v. Martin*, 173 F. Supp. 2d 521, 530 (E.D. La. 2001) (citing *McDonald v. City of Corinth, Tex.*, 102 F.3d 152, 156 (5th Cir. 1996)).

The parties do not dispute that Lebeouf had a property interest in her employment with the Hospital. Further, it is well settled that "'some type of hearing' is ordinarily a constitutional requirement for due process purposes before a public employee who has a property interest in [her] job may be terminated." *Fowler*, 799 F.2d at 980 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). Additionally, a public employee dismissible only for cause is entitled to a "comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997). If Manning actively terminated Lebeouf, the Hospital's failure to provide her with pretermination and post-termination procedures "unquestionably violated her constitutional rights." *Fowler*, 799 F.2d at 980. But Manning did not fire Lebeouf; she resigned. Consequently, Lebeouf alleges that she was "constructively discharged."[19]

"To show constructive discharge, an employee must offer evidence that the employer made the employee's working conditions so intolerable that a reasonable employee would feel compelled to

---

[19] R. Doc. 1 at 4.

resign." *Finch v. Fort Bend Indep. Sch. Dist.*, 333 F.3d 555, 562 (5th Cir. 2003) (citing *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994)). Further, "[c]onstructive discharge in a procedural due process case constitutes a § 1983 claim only if it amounts to forced discharge to avoid affording pretermination hearing procedures." *Rutland v. Pepper*, 404 F.3d 921, 923 (5th Cir. 2005) (quoting *Fowler*, 799 F.2d at 981) (quotation marks removed). When plaintiffs have successfully stated a cause of action for constructive discharge "[t]here was no question that cessation of their employment with a local government entity without following appropriate hearing procedures was the goal of [the defendants'] actions towards the employee." *Fowler*, 799 F.2d at 981.

A defendant's intent to avoid termination procedures can be inferred when the defendant gives the plaintiff an explicit, either/or choice between resignation and forced termination. *See id.* Alternatively, a plaintiff may establish constructive discharge by showing that the defendant made the plaintiff's working conditions so intolerable that a reasonable person would feel compelled to resign *and* that the defendant "purposefully sought to force [the plaintiff] to resign." *Id.* at 980; *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) (quoting *Fowler*, 799 F.2d at 981) ("in order to establish a cognizable claim of constructive discharge, a plaintiff must

allege particular facts showing either that the employee found herself 'between the Scylla of voluntary resignation and the Charybdis of forced termination,' or that 'the employer's conduct ... [was] motivated by a desire to avoid subjecting its actions to the scrutiny of a termination-related hearing.'").

Lebeouf does not allege that Manning gave her an either/or choice between resignation and termination. Rather, she alleges that he gave her a three-way choice: participate in a 30-day suspension with pay, drug screening and three-day psychiatric hospitalization; resign; or be terminated. Thus, to make out a claim of constructive discharge, she must plausibly allege both that Manning made her working conditions objectively intolerable and that he did so with the intent to force her resignation. *See Fowler*, 799 F.2d at 980; *Brown*, 804 F.2d at 333.

As before, the Court is sympathetic to Lebeouf's argument that requiring her to participate in an inpatient psychiatric evaluation made her "working conditions so intolerable that a reasonable employee would feel compelled to resign." *Finch*, 333 F.3d at 562. Nevertheless, the facts Lebeouf alleges do not plausibly suggest that Manning had an improper motive to force Lebeouf's resignation or avoid termination procedures. They indicate, rather, that Manning intended to investigate whether Lebeouf was on drugs and thereafter determine whether to pursue her termination.

Lebeouf alleges that initially Manning did not present her with a choice. He simply informed her that she was suspended with pay and that she was required to submit to a drug screening and an inpatient psychiatric evaluation. There is no indication that these conditions were pretextual. They appear rationally related to Manning's apparent concern that Lebeouf was on drugs. Only after Lebeouf "inquired about any alternatives to the suspension and involuntary inpatient psychiatric hospitalization" did Manning say that she could resign or face termination.[20] It is reasonable to infer from Lebeouf's allegations that Manning told her she could resign only because she asked about her options.

Moreover, that Manning placed Leboeuf on 30 days' paid leave undermines the plausibility of her contention that he intended to force her to resign. Placing Lebeouf on paid leave is inconsistent with a motivation to terminate her immediately without due process. Lebeouf does not allege any facts making it plausible that Manning was motivated by an unconstitutional purpose as opposed to constitutionally permissible motivations such as maintaining stability in the Hospital and investigating suspected drug use.

In her second amended complaint, Lebeouf makes several new allegations intended to show that Manning acted with the purpose of forcing her resignation. These allegations are inadequate.

---

[20] *Id.* at 3.

Lebeouf alleges that "the facts and circumstances of [Lebeouf's] forced resignation are more than sufficient for a reasonable jury to infer that [Manning] was motivated to force [Lebeouf] to resign,"[21] and that Manning "purposefully sought to avoid affording [Lebeouf] a full trial-type hearing."[22] These statements are wholly conclusory, and the Court declines to accept them as true. *See Iqbal*, 556 U.S. at 678. Lebeouf additionally alleges that "[i]t is fundamental law that a person is held to have intended the consequences of his own voluntary acts."[23] This is an incorrect statement of law. A person generally is presumed to have intended the *natural* consequences of his voluntary acts, not all the consequences of his voluntary acts. *United States v. Texas Educ. Agency*, 579 F.2d 910, 913 n.6 (5th Cir. 1978) (citing *Washington v. Davis*, 426 U.S. 229, 253 (1976) (Stevens, J., concurring)).

The only new facts, as opposed to legal conclusions, that Lebeouf alleges are the following: Lebeouf does not drink alcohol or take drugs; Lebeouf was suffering from undiagnosed attention deficit disorder and attention deficit hyperactivity disorder on October 25, 2012; Manning was experienced in state civil service termination procedures; Manning knew he would have to afford

---

[21] R. Doc. 29 at 1.

[22] *Id.* at 2.

[23] *Id.* at 1.

Lebeouf a "full trial-type hearing" if he were to seek to terminate her employment; Manning knew he would need proof that Lebeouf was impaired by illicit drug use before he could obtain her termination at a hearing; Manning had no admissible evidence of drug use by Lebeouf; Manning's statement that Lebeouf was suspended for 30 days with pay referred to an option he had under state civil service rules to suspend Lebeouf with pay pending investigation; when Lebeouf asked what Manning meant by 30 days' suspension with pay, he said that he was not at liberty to discuss this with her; Manning refused Lebeouf's request to speak with someone else; and that evening Manning called Lebeouf and told her that the Hospital Chief Executive Officer had reviewed Lebeouf's file and pointed out errors Manning made in the disciplinary process.[24]

    None of these facts supports a reasonable inference that Manning acted with the purpose of obtaining Lebeouf's immediate resignation. To the contrary, the allegations that Manning was aware of state civil service procedural requirements, did not have admissible evidence against Lebeouf, and invoked his lawful authority to suspend Lebeouf pending investigation suggest that he acted with the purpose of following, not avoiding, pretermination procedures by investigating whether Lebeouf was on drugs before determining whether to seek her termination. The

---

[24] *Id.* at 1-4.

allegations that Manning declined to explain what suspension with pay meant and refused Lebeouf's request to speak with someone else are more helpful to Lebeouf. Taken in the light most favorable to her, they suggest that Manning was trying to keep Lebeouf from gathering information about her predicament. Nonetheless, the Court finds that these allegations are "merely consistent with" an intent to avoid termination procedures, but "stop[] short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (quotation marks removed).

The Fifth Circuit has repeatedly emphasized that to state a constructive discharge claim there must be some connection between the defendant's actions and the avoidance of the termination procedures. *See, e.g.*, *Rutland*, 404 F.2d at 923 (constructive discharge claim fails where employer asked employee to resign, stopped speaking to her, transferred her job duties, and forced her to work without her own desk but employee did "not assert that [employer] sought to avoid providing her pretermination procedures"); *Autin v. Fire Prot. Dist. No. 3 of Parish of LaFourche, Louisiana*, No. 93-3265, 1993 WL 347101, at *2 (5th Cir. Aug. 17, 1993) (employee could not carry burden on constructive discharge claim because there was no evidence that the employer "hoped to avoid its pretermination remedies" and employer's "actions were not motivated by a desire to shield its

actions from the scrutiny that would arise in a termination hearing"); *Fowler*, 799 F.2d at 981 (claim of constructive discharge was not viable where there was "no evidence that [the plaintiff's] coworkers purposefully sought to force her to resign or purposefully planned to avoid . . . post-termination hearing procedure[s]"). Here, Lebeouf alleges no facts that plausibly suggest a "critical nexus between the conduct complained of and the constitutional right being asserted." *Fowler*, 799 F.2d at 980. Lebeouf has therefore failed properly to allege that Manning constructively discharged her. Absent a plausible allegation that Manning terminated Lebeouf, there can be no constitutional violation for failure to provide either pretermination or post-termination procedures. *See Gilbert*, 520 U.S. at 929.

B.   *State Law Claims*

Having determined that plaintiff's federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over her remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). "When a court dismisses all federal claims before trial, the general rule is to dismiss any [supplemental] claims." *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir. 1999). Further, "the Supreme Court has counseled that

the dismissal of all federal claims weighs heavily in favor of declining jurisdiction." *McClelland v. Gronwaldt,* 155 F.3d 507, 520 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan,* 338 F.3d 433 (5th Cir. 2003)).

C.   *Leave to Amend*

Lebeouf has failed to cure the deficiency in her complaint by amendment. The Court finds that further amendment would be futile. Accordingly, it declines to grant Lebeouf leave to amend her complaint again. *See Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("Among the acceptable justifications for denying leave to amend are . . . repeated failure to cure deficiencies by prior amendment . . . and the futility of amendment."); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("Generally, if a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem.").

**IV. Conclusion**

For the foregoing reasons, Manning's motion to dismiss Lebeouf's second amended complaint is GRANTED with prejudice.

**New Orleans, Louisiana, this __16th__ day of October, 2013.**

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**