UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STACY LEBEOUF                                          CIVIL ACTION

VERSUS                                                NO: 12-2583

BAIN MANNING                                          SECTION: R(2)

**<u>ORDER AND REASONS</u>**

Plaintiff Stacy LeBeouf moves the Court to reconsider partially its June 11, 2015 partial summary judgment order.[1]  For the following reasons, the Court denies the motion.

## I.     BACKGROUND

Plaintiff Stacy LeBeouf filed suit against Defendant Bain Manning in his individual and official capacities under 42 U.S.C. § 1983 and Louisiana law for violations of her due process rights related to her resignation from her position as a nurse at Leonard J. Chabert Medical Center ("the Hospital").  LeBeouf alleges that she maintained a property interest in her employment at the Hospital and that Manning deprived her of that property interest without due

---

[1]     R. Doc. 76.

process of law by constructively discharging her.[2]

Manning moved for summary judgment on eight grounds: (1) LeBeouf never attained any rights to predeprivation due process because she resigned; (2) Lebeouf's failure to utilize available state remedies precludes her postdeprivation due process claims; (3) Manning did not proximately cause LeBeouf's alleged damages; (4) the Supreme Court's *Parratt/Hudson* doctrine bars LeBeouf's claims; (5) Manning is entitled to qualified immunity; (6) state sovereign immunity bars LeBeouf's claims; (7) the Court lacks jurisdiction to hear any state-law claims subject to the Louisiana Civil Service Commission's exclusive jurisdiction; and (8) res judicata and collateral estoppel principles bar LeBeouf's state-law claims.[3]   On June 11, 2015, the Court granted Manning's motion for summary judgment in part and dismissed (1) LeBeouf's claims for violations of her right to postdeprivation due process; (2) LeBeouf's claims against Manning in his official capacity for monetary damages; (3) LeBeouf's state-law claims against Manning in his official capacity; and (4) LeBeouf's state-law claims against Manning in his individual capacity.[4]

---

[2]     For a recitation of the relevant facts underlying LeBeouf's claims, see R. Doc. 74 (June 11, 2015 Summary Judgment Order).

[3]     *See* R. Doc. 74 at 14.

[4]     *See id.* at 38.

LeBeouf now moves for partial reconsideration of the Court's June 11 summary judgment order on two grounds.[5]  First, LeBeouf takes issue with the Court's analysis of her postdeprivation due process claim.  Second, LeBeouf contends that the Court erred in holding that it does not have jurisdiction to consider LeBeouf's state-law constitutional claims.  Manning opposes the motion.[6]

## II.   LEGAL STANDARD

Motions for reconsideration filed under Federal Rule of Civil Procedure 59(e) question the correctness of a judgment.  *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).  Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.* (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).  A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration.  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).  A motion for reconsideration is generally not an appropriate vehicle for advancing new arguments that were available at the time of the

---

[5]     *See* R. Doc. 76.

[6]     *See* R. Doc. 78.

3

original motion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

## III.  DISCUSSION

LeBeouf challenges the Court's June 11, 2015 summary judgment order on two grounds.  First, LeBeouf contends that the Court erred in analyzing her postdeprivation due process claim.  Specifically, LeBeouf argues that the Court should have concluded that Manning's failure to notify LeBeouf of her right to appeal her involuntary resignation was constitutionally inadequate notice under due process standards.  Second, LeBeouf contends that the Court erred in holding that it does not have jurisdiction to consider LeBeouf's state-law constitutional claims.

As to the first challenge, the Court initially notes that LeBeouf urges the Court to conclude in general terms that "the total lack of notice in this case [was] deficient as a matter of law."[7] The Court held in its analysis of LeBeouf's predeprivation due process claims that the evidence presented "create[d] an issue of fact as to whether Manning afforded LeBeouf adequate notice" and thus denied Manning's motion for summary judgment as to those claims.[8] The

---

[7]     *See* R. Doc. 76-1 at 4.

[8]     *See* R. Doc. 74 at 19.

4

Court also addressed the issue of notice in its analysis of LeBeouf's postdeprivation due process claims.  Yet the Court's grant of summary judgment as to LeBeouf's postdeprivation due process claims ultimately rests on the undisputed conclusion that LeBeouf failed to file a timely appeal of her involuntary resignation with the Louisiana Civil Service Commission.[9]

LeBeouf seemingly attempts to argue that Manning was required to provide LeBeouf notice of her right to appeal her involuntary resignation and that therefore, she cannot be faulted for failing to file a timely appeal with the Civil Service Commission.  As the Court explained in its June 11 order, Louisiana Civil Service Rule 12.8 provides that when "an appointing authority decides to discipline or remove a permanent employee," he or she must provide written notice, including a statement that the employee may appeal the action to the Civil Service Commission within thirty days.  In conjunction with this rule,  Louisiana Civil Service Rule 13.12 provides that when notice is not required–meaning when the action complained of is not "an appointing authority's deci[sion] to discipline or remove a permanent employee"–the employee must appeal within thirty days of when the employee "learned or was aware that the action complained of had occurred."  Also as the Court

---

[9]    *See id.*

explained in its June 11 order, Louisiana courts hold that when state employees involuntarily resign, they are not entitled to individual notice of their appeal rights.[10]  *See, e.g.*, *Reich v. Dep't of Health & Hosps. Office of Citizens with Development Disabilities*, No. 2009 CA 1248, 2010 WL 502970 (La. App. 1 Cir. 2010); *Pugh v. Dep't of Culture, Recreation & Tourism, Sabine River Auth.*, 597 So. 2d 38 (La. App. 1 Cir. 1992).

LeBeouf now asks the Court to reconsider its holding that Manning was not required to provide LeBeouf individual notice of her appeal rights following her involuntary resignation.  To do so, the Court would have to

---

[10]    *See* R. Doc. 74 at 20-21.  In the June 11 order, the Court also noted that the United States Supreme Court has held that when statutory notice is available, such as the Civil Service Commission's publicizing of its appeal procedures online, additional individualized notice is not required. *See City of West Covina v. Perkins*, 525 U.S. 234, 241 (1999) ("No similar rationale justifies requiring individualized notice of state-law remedies which, like those at issue here, are established by published, generally available state statutes and case law.  [The aggrieved party] can turn to these public sources to learn about the remedial procedures available to him.")  LeBeouf argues that the Supreme Court's *West Covina* decision does not support the Court's holding "given the primacy of state law in determining what procedural safeguards should be established to protect property interests created by state law."  R. Doc. 76-1 at 2.  But, as noted, the Court primarily relied on Louisiana case law, which holds that employees who involuntary resign are not entitled to individual notice. *West Covina* merely provides additional support for this conclusion.

ignore Louisiana precedent to the contrary.[11]  Because Louisiana law does not

require Manning to provide LeBeouf individual notice, she had thirty days

from when she "learned or was aware that the action complained of had

occurred" to appeal to the Civil Service Commission.  It is undisputed that the

action LeBeouf complains of–her involuntary resignation from the

Hospital–occurred on October 25, 2011, or at the latest, on October 28, 2011,

when LeBeouf completed a written resignation.  It is also undisputed that

LeBeouf failed to file an appeal with the Civil Service Commission until April

---

[11]     In LeBeouf's own words, federal case law should not control the
Court's reasoning "given the primacy of state law in determining what
procedural safeguards should be established to protect property interests
created by state law."  R. Doc. 76-1 at 2.  Nonetheless, LeBeouf asks the
Court to disregard the cited Louisiana cases in favor of the Eleventh Circuit
Court of Appeals decision in *Grayden v. Rhodes*, 345 F.3d 1225 (11th Cir.
2003).  Because the Eleventh Circuit's holding in *Grayden* turns on
different facts than those LeBeouf presents here, the Court finds *Grayden*
inapplicable.  *See* 345 F.3d 1225, 1244 (11th Cir. 2003) ("[W]hen the
tenants of Lafayette Square were evicted from their leasehold interests
based on exigent circumstances and were given less than thirty-six hours to
vacate the premises, they were entitled . . . to affirmative, contemporaneous
notice of their right to challenge the condemnation order . . . .").
    LeBeouf also cites the Louisiana Supreme Court's decision in *Wilson
v. City of New Orleans*, 479 So. 2d 891 (1985).  There, the Louisiana
Supreme Court held that a vehicle owner whose car was "booted" for the
owner's failing to pay outstanding tickets was entitled to greater notice than
a sticker on the vehicle's window, which said "failure to pay or request a
hearing within fifteen days will result in . . . the possible immobilization or
impoundment of your vehicle."  *Id.* at 897, 900.  Again, because the court's
holding turns on different facts than those presented here, *Wilson* is also
inapplicable.

18, 2012, nearly six months after LeBeouf learned or was aware that her resignation had occurred. Thus, under prevailing law, LeBeouf's failure to file a timely appeal with the Louisiana Civil Service Commission—a postdeprivation remedy—precludes her claim that Manning violated her right to postdeprivation due process. *See, e.g., Rathjen v. Litchfield*, 878 F.2d 836, 839 (5th Cir. 1989) ("[N]o denial of procedural due process occurs where a person has failed to utilize the state procedures available to him."); *Myrick v. City of Dallas*, 810 F.2d 1382, 1388 (5th Cir. 1987) (" [Plaintiff] cannot skip an available state remedy and then argue that the deprivation by the state was the inadequacy or lack fo the skipped remedy."); *Galloway v. Louisiana*, 817 F.2d 1154, 1158 (5th Cir. 1987) ("[A]n employee cannot ignore the process duly extended to him and later complain that he was not accorded due process."). Accordingly, this argument is without merit.

The Court also finds LeBeouf's second challenge to the June 11 order meritless. LeBeouf contends that the Court erred in holding that it does not have jurisdiction to consider LeBeouf's state-law constitutional claims. Again, as stated in the Court's June 11 order,[12] Article X, Section 12 of the Louisiana Constitution grants the Louisiana Civil Service Commission "the exclusive

---

[12]    *See* R. Doc. 74 at 37-38.

8

power and authority to hear and decide all removal and disciplinary cases," and the Louisiana Supreme Court holds that "[t]he Civil Service Commission has the exclusive power and authority to hear and decide all state civil service disciplinary cases." *AFSCME, Council #17 v. State ex rel. Dep't of Health & Hosps.*, 789 So. 2d 1263, 1268 (La. 2001). There are few exceptions to the Commissions's exclusive original jurisdiction. Importantly, "the Commission cannot be called upon to judge the constitutionality or equity of its own rules." *Williams v. Civil Serv. Comm'n of City of New Orleans*, 613 So. 2d 733, 735 (La. App. 4 Cir. 1993). But LeBeouf has not challenged the constitutionality of a specific Commission rule; instead, she asserts general state-law constitutional challenges to Manning's conduct and her forced resignation.[13]

LeBeouf argues that the reasoning of the Louisiana Fourth Circuit Court of Appeal in *Eberhardt v. Levasseur*, 630 So. 2d 844 (La. App. 4 Cir. 1993) supports the idea that *state* constitutional claims are excepted from the Commission's exclusive jurisdiction. But the Louisiana Fourth Circuit's reasoning is plainly limited to *federal* constitutional claims. As the court explained:

> [Plaintiff] seeks recovery from the defendants in their official capacity under 42 U.S.C. § 1983.

---

[13]     *See* R. Doc. 29 at 1, 4 (LeBeouf's Second Amended Complaint).

9

. . . .

> State courts have concurrent jurisdiction with Federal Courts to
> adjudicate § 1983 suits. . . . The State Civil Service Commission
> does not have jurisdiction to hear § 1983 claims. . . . [T]he
> exhaustion of either state judicial or administrative remedies is
> not a prerequisite to the invocation of *federal relief* under the Civil
> Rights Act of 1871, 42 U.S.C. § 1983, since the cause of action
> established by that statute is fully supplementary to any remedy,
> adequate or inadequate that might exist under state law.
> Therefore, [plaintiff] is not deprived of his right to seek § 1983
> relief because of his failure to exhaust his Civil Service appeals.

*See id.* at 846-47 (emphasis added) (citations omitted).  The other cases on

which LeBeouf relies are similarly inapposite.[14]  Therefore, this argument is

also without merit.  Because LeBeouf has not directed the Court to any

"manifest error[] of law," the Court denies the motion for partial

---

[14]        In *Bell v. Dep't of Human Resources*, the plaintiff challenged
Louisiana Civil Service Rule 1.32.  483 So. 2d 945, 947 (La. 1986).
Regarding the plaintiff's constitutional challenges, the Louisiana Supreme
Court cited with approval *In re Brisset*, 436 So. 2d 654 (La. App. 1 Cir.),
*writ denied* 441 So. 2d 749 (La. 1983) in a footnote.  The court in *Brisset*
held that the Louisiana Civil Service Commission lacks the authority "to
rule on the constitutionality of a state statute."  436 So. 2d at 658.
        In *AFSCME, Council #17 v. State ex rel. Department of Health &
Hospitals*, the plaintiff challenged the constitutionality of Louisiana
Revised Statute § 42:1414.  *See* 789 So. 2d 1263, 1265 (La. 2001).
        In *Stevenson v. Williamson*, the Middle District of Louisiana held
that the Louisiana Civil Service Commission lacked authority to award
general tort damages under Louisiana Revised Statute § 23:967, which
gives employees a private cause of action for an employer's reprisal.  547 F.
Supp. 2d 544, 557 (M.D. La. 2008, *aff'd*, 324 F. App'x 422 (5th Cir. 2009).
        As noted, the claims raised in each of these cases are distinguishable
from LeBeouf's general challenges under the Louisiana Constitution.

reconsideration.  *See In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (citation omitted).


## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES LeBeouf's Motion for Partial Reconsideration.


New Orleans, Louisiana, this  5th  day of October, 2015.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE