UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACY LEBEOUF | CIVIL ACTION |
| VERSUS | NUMBER: 12-2583    SECTION: R(2) |
| BAIN MANNING | JUDGE SARAH S. VANCE |
| | MAGISTRATE JUDGE WILKINSON |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE***

MAY IT PLEASE THE COURT:

Plaintiff has brought this suit alleging her resignation as a registered nurse from Chabert Hospital was coerced by defendant. Specifically, plaintiff claims her procedural due process rights were violated when defendant allegedly forced her to immediately choose between cooperating with the hospital's investigation or resign. Plaintiff tendered a written resignation, but failed to claim that resignation was coerced or involuntary to the Louisiana Civil Service Commission or defendant's supervisors in a timely manner.[1] Accordingly, this honorable court has already ruled that plaintiff's claim for violation of post-deprivation due process rights must be dismissed because no issue of fact exists precluding the finding that plaintiff failed to utilize available post-deprivation State procedures.[2] In other words, no factual issue exists precluding the finding that plaintiff failed to meet her duty to mitigate her damages by invoking the post-

---

[1] Rec. Doc. 74 page 24.
[2] Rec. Doc. 74 pages 24-25.

1

deprivation State procedures immediately available to her after the alleged coercion.

After this honorable court's ruling on defendant's motion for summary judgment, plaintiff's only remaining claim is for an alleged violation of pre-deprivation procedural due process.  Because plaintiff failed to mitigate her damages with remedies immediately available to her after her alleged involuntary resignation, any damages for any alleged pre-deprivation due process violation should be limited to nominal damages.  Plaintiff's duty to mitigate her damages required her to immediately complain to defendant's supervisors or the Louisiana Civil Service Commission to correct any alleged involuntary resignation.  Plaintiff did not do either of those things.  Rather, she brought this lawsuit nearly a year after her resignation and seeks damages for lost wages and benefits.  Had plaintiff immediately complained to the proper authorities about her alleged involuntary resignation, then any alleged economic damages could have been avoided.  Plaintiff should not be able to obtain a windfall of damages for her failure to mitigate her damages.[3]  Accordingly, any attempted testimony, documents, or other evidence regarding any lost wages or benefits of plaintiff should be ruled irrelevant and inadmissible.  This attempted evidence would include two economic expert witnesses listed by plaintiff to testify at a trial of this matter.

Additionally, defendant now moves to have any expert testimony by a recently disclosed witness excluded for plaintiff's failure to timely and properly disclose him as an expert witness.  Specifically, on December 7th, 2015, plaintiff filed a new witness and exhibit list.[4]  This new

---

[3] Wilson v. Taylor, 658 F.2d 1021, 1034-35 (5th Cir. 1981) and Laje v. R. E. Thomason General Hospital, 665 F.2d 724, 729-30 (5th Cir. 1982).
[4] Rec. Doc. 88.

witness list included the name, Dr. Ashraf Mozayani.[5] At no prior point in this litigation, has Dr. Ashraf Mozayani ever been mentioned or disclosed. Nor has plaintiff ever provide any written report of a potential expert witness for Dr. Ashraf Mozayani as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and this honorable court's scheduling order for this case.[6] Consequently, any attempt by plaintiff to call Dr. Ashraf Mozayani as an expert witness should be denied and his opinion testimony excluded from evidence for plaintiff's failure to timely and properly disclose an expert witness.

WHEREFORE, defendant, Bain Manning, prays for an *in limine* ruling and order that any attempt to call Dr. Mozayani as an expert witness is inadmissible and that any testimony, documents, or other evidence regarding plaintiff's claim for lost wages and benefits is ruled irrelevant and inadmissible into evidence at a trial of this matter.

Respectfully Submitted,

JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL

BY   \_\_/s/  Lance Guest_____
**LANCE S. GUEST (La. Bar No. 25403)**
**Assistant Attorney General**
Louisiana Department of Justice
Litigation Division
400 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone No.:  (504) 599-1200
Facsimile No.:  (504) 599-1212
E-Mail:  guestl@ag.state.la.us

---

[5] Rec. Doc. 88 page 2 witness numbered 11.
[6] Rec. Doc. 73.

## CERTIFICATE OF SERVICE

I hereby certify a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

Done in New Orleans, Louisiana on this the 15th day of December, 2015.

_____/s/  Lance Guest_____
LANCE S. GUEST

\\Litno1\DATA\SECTION\CIVRIGHT\Guest, Lance\Lebeouf, Stacy\Pleadings\Memorandum In Support Of Motion In Limine.Docx