UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STACY LEBEOUF                                   CIVIL ACTION

VERSUS                                          NO. 12-2583

BAIN MANNING                                    MAGISTRATE JUDGE
                                                JOSEPH C. WILKINSON, JR.

## ORDER AND REASONS
## ON DEFENDANT'S MOTION IN LIMINE

Defendant, Bain Manning, filed a Motion in Limine to exclude from evidence at trial "the just disclosed 'corrected' expert report" of plaintiff's economic experts, Dr. Shael Wolfson and Dr. James Bartkus. Defendant's Motion in Limine, Record Doc. No. 125 at p. 1. Both Drs. Wolfson and Bartkus are listed as plaintiff's witnesses in the final pretrial order. Defendant's Exhibits 1 and 2 attached to Manning's motion reveal that plaintiff, Stacy LeBeouf, timely submitted the original report of Drs. Wolfson and Bartkus to defendant on February 13, 2015. On February 18, 2016, more than one year after the original report, more than three months after the expert report deadline lapsed and just two business days before trial is scheduled to begin, plaintiff's attorney sent to defendant's counsel an "updated and corrected report" of Drs. Wolfson and Bartkus dated February 17, 2016, which more than triples the calculated amount of plaintiff's back pay damages. The motion is GRANTED for the following reasons.

This court's scheduling orders implement the disclosure requirements of Fed. R. Civ. P. 26(a)(2) regarding expert reports. The deadline for plaintiff to provide Manning

with her expert reports was November 6, 2015.  Record Doc. No. 73.  LeBeouf never moved for leave to supplement her expert report.  Her last-minute transmittal to defendant on February 18, 2016, of the "updated and corrected report" of Drs. Wolfson and Bartkus does not comply with Rules 26(a)(2)(D) or 26(e)(2) or the court's scheduling orders.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "'In performing a Rule 37(c)(1) harmless error analysis . . . this court looks to four factors:  (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.'"  Miles v. HSC-Hopson Servs. Co., No. 14-11237, 2015 WL 5215971, at *2 (5th Cir. Sept. 8, 2015) (quoting Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 563-64 (5th Cir. 2004)).

In addition, where–as here–the court has entered a scheduling order setting a deadline, Record Doc. No. 73, the schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  In determining whether a party has met its burden under Rule 16(b)(4), the court considers the same four factors as under Rule 37(c)(1):  "(1) the [moving] party's explanation, (2) the importance

of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC, No. 3:12-CV-0548-D, 2014 WL 80722, at *2 (N.D. Tex. Jan. 9, 2014) (quotation omitted) (citing S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)); accord Borden v. United States, 537 F. App'x 570, 574 (5th Cir. 2013) (citing Reliance Ins. Co. v. La. Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997); Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)). These factors are applied to evaluate whether good cause exists to allow a party to use supplemental expert reports that were provided after the court's deadline. Harmon v. Ga. Gulf Lake Charles L.L.C., 476 F. App'x 31, 36 (5th Cir. 2012) (citing Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998); EEOC v. Gen. Dynamics Corp., 999 F.2d 113, 115 (5th Cir. 1993)).

In Harmon, the Fifth Circuit affirmed the exclusion of the testimony of plaintiffs' expert because the same plaintiff's attorney as in the instant case had provided defendants with an untimely supplemental expert report. The Fifth Circuit held "that '[t]he purpose of supplementary disclosures is just that–to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline.'" Id. at 36 (quoting Metro Ford Truck Sales, 145 F.3d at 324). The Fifth Circuit found that plaintiffs were "unable to provide an adequate explanation for their failure to provide a timely expert report when the necessary information was entirely

under their own control," they made no effort to seek the court's assistance in extending the disclosure deadline, and their failure to provide the report timely prejudiced defendants' ability to obtain their own expert opinions.  Id. at 37.  The trial court's decision not to grant a continuance was supported by the record of "not just one, but several, violations of the court's scheduling order" by plaintiffs' counsel.  Granting a continuance in these circumstances would have been inappropriate because it "'would neither punish [plaintiffs] for [their] conduct nor deter similar behavior in the future.'"  Id. (quoting Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 568 (5th Cir. 1996)).

Harmon is on point with the instant case.  LeBeouf has not shown good cause to modify the court's schedule to allow untimely supplementation of her experts' report.  The importance of the supplemental opinions of Drs. Wolfson and Bartkus have doubtful importance to her case. Plaintiff can prove her lost income by offering her own testimony and other evidence, including her tax returns and payroll records, and then making a simple arithmetic calculation. While expert testimony may lend a certain amount of weight to such easy calculations, these experts have demonstrated by their conduct in preparing these reports that weight may not be something readily assigned to their opinions.

Even if the supplement has some importance, LeBeouf offers no persuasive justification for her failure timely to supplement her experts' report, arguing principally that the last-minute report addresses correcting the experts' "typographical errors" in the

- 4 -

original report. Record Doc. No. 132 at p. 1, 4.  No good reason has been proffered why the experts could not have corrected and/or supplemented the original February 2015 report by the November 6, 2015 deadline, or moved to extend that deadline within some reasonable time frame.  The attempted supplementation more than three months after the expert report deadline and only two business days before trial substantially prejudices defendant, who now has no opportunity to obtain his own supplemental expert report or depose plaintiff's experts on their new calculations in preparation for their trial testimony.  This matter has been pending for 18 months since it was remanded to this court from the Fifth Circuit and plaintiff had ample time to prepare her case within the deadlines.  This is not plaintiff's first violation of the court's scheduling orders.  See Order and Reasons, Record Doc. No. 104 at pp. 15-16 (Judge Vance excluding the testimony of plaintiff's expert Dr. Ashraf Mozayani because of plaintiff's failure to disclose his identity and provide his report to opposing counsel by the deadline.  "There is no excuse for LeBeouf's untimely disclosure."); Order and Reasons, Record Doc. No. 118 (Magistrate Judge Wilkinson excluding the testimony of plaintiff's witness Cheryl Calkins for failure to disclose her identity on witness list).  A trial continuance is not available to cure this prejudice.

Accordingly, defendant's motion is granted, and Drs. Wolfson and Bartkus will not be allowed to testify at trial regarding the opinions contained in their supplemental

report dated February 17, 2016. Their testimony is restricted to the opinions contained in their report dated February 13, 2015.

New Orleans, Louisiana, this ____22nd____ day of February, 2016.

_____

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

- 6 -